(Pleito No. 191.—Fallado en 10 de Mayo de 1902.)

## Rosaly contra Pérez.

Recurso contra sentencia dictada por la Corte de Distrito de Ponce.

Pruebas. En una demanda de interdicto de recobrar bienes inmuebles, no es admisible, como prueba, la escritura de la propiedad, porque no se discute la propiedad de la cosa, sino la posesión ó tenencia de ella; pero sí es admisible el acta de deslinde judicial para justificar la posesión ó la tenencia de la cosa.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á diez de Mayo de mil novecientos dos, en el interdicto seguido en la Corte del Distrito de Ponce por Doña Dolores Pérez, viuda de Toro, propietaria, vecina de dicha Ciudad, con Don Manuel Rosaly, propietario de dicha vecindad, sobre recobrar la posesión de una porción de terreno; pendiente ante Nos, en virtud de recurso de casación por quebrantamiento de forma, interpuesto por el demandado y sostenido en su defensa y representación ante este Tribunal Supremo por el Letrado Don Manuel F. Rossy, habiéndolo estado la parte recurrida por el Licenciado Don Rafael López Landrón.— Resultando: Que Doña Dolores Pérez, viuda de Toro,

formuló demanda de interdicto de recobrar una porción de terreno, ante la Corte de Ponce, alegando en su abono que Don Manuel Rosaly, con una cerca que había levantado en sustitución de otra que destruyó de la propiedad de la demandante, la había despojado, estando ella en la posesión y tenencia de la porción de terreno discutida, ofreciendo información testifical para acreditar esos extremos, y recibida ésta, se convocó á las partes á juicio verbal con señalamiento de día, lo que tuvo lugar con asistencia de las partes, proponiendo Don Manuel Rosaly prueba documental consistente en una escritura de compra-venta de un solar y un acta de deslinde del mismo, y además propuso dos testigos, con súplica de que fueran citados de oficio, cuyos dos particulares de prueba fueron rechazados, bajo fundamento de que la documental no estaba comprendida en el artículo 1,650 de la Ley de Enjuiciamiento Civil y la testifical porque debió proponerse y practicarse en el acto, según el artículo 1,642 de la ley procesal citada, de cuya negativa se solicitó sin fruto reposición y se consignó la protesta á los efectos de la casación.— Resultando: Que el Tribunal en sentencia de seis de Enero de mil novecientos, y en atención á que no se justificó el extremo del despojo declaró sin lugar el interdicto con las costas á la parte promovente, cuya sentencia se notificó á la representación de Rosaly el seis de Enero y á la de Doña Dolores Pérez, viuda de Toro, el treinta y uno de dicho mes.—Resultando: Que dicha señora en escrito presentado el trece de Febrero solicitó la nulidad de todo lo actuado desde la información testifical, porque los testigos no habían dado la razón de su dicho, ni la sentencia se votó en audiencia pública, según dispone el artículo 65 de la Orden General número 118, y porque si de la información no resultó comprobado el despojo conjuntamente con la posesión ó tenencia, no debió convocarse á juicio verbal; y el Tribunal de plano declaró nulas las actuaciones desde la información testifical inclusive, mandándola practicar nuevamente, con arreglo á derecho, de cuyo auto suplicó, sin éxito, la

representación de Rosaly.—Resultando: Que esta misma parte estableció incidente de nulidad de la resolución que acordó retrotraer el juicio al estado de información testifical, así como también de las providencias que tienden á dar validez á aquélla, é igualmente de plano y sin sustanciación alguna se declaró por la Corte sin lugar el incidente, de cuyo auto se suplicó y se consignó protesta para el caso de denegación, obteniéndose, como resolutorio, no haber lugar á proveer.—Resultando: Que se recibió nuevamente información testifical en la que declaran los mismos testigos, señalándose día para la celebración del juicio, en cuyo acto el letrado representante de la parte demandada manifestó que era incompetente el Tribunal para declarar nula una sentencia consentida como lo había hecho, y solicitó que volviera sobre su acuerdo, ó de lo contrario tuviera por hecha la protesta, y asimismo pidió que se le admitiese la prueba documental que presentaba, consistente en la escritura de propiedad del solar colindante y de un acta de deslinde del mismo, cuya prueba se rechazó, por cuyo motivo se tuvieron por formuladas las protestas á los efectos del recurso de casación por la forma, y acto seguido se ratificaron los testigos de la información y declararon los presentados por el demandado, señalándose día para la votación de la sentencia, con citación de las partes, lo que tuvo lugar el once de Julio de mil novecientos.—Resultando: Que en el mismo día se redactó la sentencia declarando con lugar el interdicto de recobrar con los demás pronunciamientos del caso.—Resultando: Que notificada dicha sentencia á las partes, la representación de Don Manuel Rosaly formalizó recurso de casación por quebrantamiento de forma, fundado en los números 5º y 6º del artículo 1,691 de la Ley de Enjuiciamiento Civil, por haberle sido negada la prueba documental que propuso referente á la propiedad del solar colindante y deslinde judicial del mismo y porque la Corte de Ponce era incompetente para decretar la nulidad de su primera sentencia ya consentida por las partes y contra la que

sólo pudo utilizar en tiempo el recurso de casación.—
Visto: Siendo Ponente el Juez Asociado Don José M.ª Figueras Chiqués.—Considerando: Que las cuestiones de
competencia de jurisdicción que pueden motivar el recurso
de casación en el concepto concreto de quebrantamiento
de forma, según el número 6 del artículo 1,691 de la Ley de
Enjuiciamiento Civil, han de resolverse con sujeción á
las disposiciones que para regularlas tiene establecidas la
mencionada ley en su libro 1.º título 2.º—Considerando: Que
según su artículo 55, los Tribunales que tengan competencia
para conocer de un pleito, la tendrán también para todas
sus incidencias y, por más que en el presente caso no
haya habido corrección en el procedimiento, es lo cierto
que se consintió el auto declarando la nulidad, toda vez que
contra él pudo interponerse el recurso de casación y hoy,
dentro de los límites del establecido, hay que reconocer
la competencia de la Corte.—Considerando: Que la escritura
presentada como prueba en el acto del juicio oral y rechazada por el Tribunal *a quo* estuvo bien denegada, porque en
esta clase de juicios no cabe la discusión de la propiedad,
sino la de la posesión ó tenencia de la cosa.—Considerando:
Que en otras condiciones está el acta de deslinde judicial del
solar del recurrente y que también presentó éste como
prueba, siendo denegada, porque debiendo acreditarse en el
interdicto si el despojo lo ejecutó la persona contra quien se
dirigía la acción ú otra por orden de ésta, varía los términos
del debate y puede variar la resolución que se dicte, si
resulta que el despojo lo engendró una resolución dictada
por el Juez competente dentro de las reglas del procedimiento adecuado, de donde resulta que esta prueba denegada es admisible según el artículo 577 y 1,650 de la Ley
de Enjuiciamiento Civil, y con su falta quedó indefenso el
derecho del demandado.—Fallamos: Que debemos declarar
y declaramos haber lugar al recurso de casación por quebrantamiento de forma, interpuesto por Don Manuel Rosaly
y fundado en el número 5 del artículo 1,691 de la Ley de

Enjuiciamiento Civil; y en su consecuencia, casamos y anulamos la sentencia que en once de Julio de mil novecientos dictó la Corte de Ponce, y remítanse á ésta los autos, con la certificación correspondiente, para que, reponiéndolos al estado que tenían cuando se celebró el juicio oral, veinte y ocho de Junio del año citado, al solo efecto de admitir la prueba propuesta por Rosaly, consistente en el acta de deslinde de su solar colindante con el de la demandante; y los sustancíe y termine con arreglo á derecho.—Así por esta nuestra sentencia, que se publicará en la *Gaceta*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José M.ª Figueras.—J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo de Justicia Don José M.ª Figueras Chiqués, celebrando audiencia pública dicho Tribunal. en el día de hoy, de que certifico como Secretario, en Puerto Rico, á diez de Mayo de mil novecientos dos.—Antonio F. Castro, *Secretario.*